KIDDER, PEABODY & CO.,
INCORPORATED,
Plaintiff,

v.

Robert **BRANDT**, as trustee, Selma Brandt, as trustee, John H. Gary, Donna L. Gary, Irwin Goldstein, Edmund Lunder, Maureen C. Lunder, James O'Mara, Alice M. O'Mara, and Shirley Schiffman, Defendants.

No. 94–1510–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 19, 1998.

Bennett Falk, Keith Olin, Morgan, Lewis & Bockius, Miami, FL, for Plaintiff.

George Franjola, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, FL, for Defendants.

## ORDER

KOVACHEVICH, Chief Judge.

**THIS CAUSE** is before this Court on remand from the United States Court of Appeals for the Eleventh Circuit, ordering this Court to vacate the judgment of the said District Court's Order on Plaintiff's Motion for Summary Judgment entered on December 31, 1996 (Docket No. 21), the Final Judgment entered on December 31, 1996 (Docket No. 22), and the Order Denying Plaintiff's Motion to Alter or Amend Judgment entered on February 5, 1997 (Docket No. 31).

### PROCEDURAL HISTORY

Plaintiff, Kidder, Peabody & Co., Inc., (hereinafter Kidder), a securities broker, sold shares in a limited partnership to the defendants in 1987. As a condition of purchasing securities, each of the defendants agreed to submit any dispute or claim to arbitration governed by the National Association of Securities Dealers' (NASD). In 1994, the defendants filed a seven count arbitration complaint against Kidder alleging, among other things, that Kidder had violated the Racketeer Influenced and Corrupt Organizations Act (RICO), of 18 U.S.C. § 1962.

Kidder brought an action pursuant to 28 U.S.C. § 2201 for a declaratory judgment that certain claims in the arbitration proceeding were ineligible for submission to arbitration pursuant to the parties' contract and § 15 of the NASD Code, and to enjoin the Defendants from proceeding with arbitration of such claims (Docket No. 1).

Kidder filed a Motion for Summary Judgment (Docket No. 21), alleging that the "occurrence or event" which gave rise to the defendants' claims did not occur within six

years of the date defendants filed their arbitration complaint as required by § 15 of the NASD Code. This Court granted Kidder's motion in part and denied it in part, finding that the "occurrence or event" which gave rise to the RICO claim was a "pattern of racketeering activity" which began more than six years before the defendants filed their arbitration complaint, but ceased inside the six year window.

The Court denied Kidder's motion with respect to defendants' RICO claim and entered summary judgment for the defendants, declaring that the RICO claim was eligible for arbitration. Kidder filed a Motion to Alter or Amend the judgment which was also denied, and an appeal followed. The United States Court of Appeals for the Eleventh Circuit vacated and remanded the judgment with instructions.

## DISCUSSION

Kidder contends that this Court erroneously interpreted and applied § 15 of the NASD Code. This Court found that the "occurrence or event" giving rise to the defendants' RICO claim was a pattern of racketeering activity, "at least a portion of which allegedly occurred within the § 15 time frame." On the basis of that finding this Court concluded that the defendants' RICO claim was eligible for arbitration.

Kidder argues that under § 15 of the NASD Code, the defendants' RICO claim was not eligible for arbitration unless *all* of the predicate acts upon which that claim was based occurred within six years of the date defendants filed their arbitration complaint. Specifically, Kidder contends that "Defendants' RICO claim is eligible for arbitration only if each act or fact which forms each of the elements of their RICO claim-including those underlying the pattern element—took place within the six year period preceding the initiation of arbitration." Under Kidder's interpretation of § 15, the defendants' RICO claim was not eligible for arbitration, because *some* of the predicate acts supporting the claim took place outside the six year window. (Docket No. 21).

The defendants argue that they have multiple RICO claims, each occasioned by an injurious act which took place within the six year window. The defendants assert that it is those acts, not a "pattern of racketeering activity" which is the "occurrence or event" giving rise to their RICO claims.

The Court of Appeals rejected Kidder's interpretation of the "occurrence or event giving rise to claim" language of § 15. (Docket No. 33). Instead the Court of Appeals held that under 15 the "occurrence or event" which "gives rise to the claim" is the last occurrence or event necessary to make the claim viable. A claim is viable when all the elements of that claim can be established such that it could withstand a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 33).

In *Bivens Gardens Office Bldg., Inc., v. Barnett Bank of Fla., Inc.,* 906 F.2d 1546 (11th Cir.1990), the court addressed the issue as to when a cause of action begins to accrue in civil RICO actions. In *Bevins* the plaintiffs filed a law suit against the defendants on five counts, including RICO claims. The defendants moved for a summary judgment on the grounds that the plaintiffs' claims were time barred. *See Id.* at 1549. The court in *Bivens* held that with respect to each independent injury to the plaintiff, a civil RICO cause of action begins to accrue as soon as the plaintiff discovers or reasonably should have discovered both the existence and source of his injury and that the injury is part of a pattern. *See Id.* at 1554–55. In *Bivens* the record was unclear as to when each plaintiff became aware or reasonably should have become aware of the alleged fraudulent acts perpetrated by the defendants. As such, the appellate court reversed the district court's grant of summary judgment to the defendants and remanded the case for further proceedings. *See Id.* at 1556.

Applying *Bivens* to the case at bar the record does not identify precisely the last "occurrence or event" necessary to make the defendants' RICO claim viable or when each defendant, if any, became aware or reasonably should have become aware of the alleged acts perpetrated by the plaintiffs. Because a "pattern of racketeering activity" is, by definition, a composition of multiple distinct "occurrences or events," the court

should determine whether the defendants have proven that Kidder committed acts within the six year window that caused the defendants injury, and if so, whether those injurious acts created *independent* RICO causes of action. An evidentiary hearing is needed to determine if the facts reveal that the defendants have multiple RICO claims. It should be noted that it is possible that some of the claims will be ineligible for arbitration because they arose outside the six year window, while others may be eligible for arbitration because they arose inside the six year window. Having herein determined that this case requires an evidentiary hearing in order to address the issues raised in the remand order, it is

**ORDERED** that this cause of action be **referred** to the assigned Magistrate Judge for all further proceedings and, where appropriate, issuance of a report and recommendation.